UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AFFILIATED FM INSURANCE COMPANY a/s/o Haemonetics Corporation,<br><br>Plaintiff,<br><br>v.<br><br>FEDEX TRADE NETWORKS TRANSPORT & BROKERAGE INC., NORFOLK SOUTHERN CORP. and NORFOLK SOUTHERN RAILWAY COMPANY,<br><br>Defendants. | 21 CV 8626<br><br>**COMPLAINT** |

Plaintiff Affiliated FM Insurance Company, as and for its Complaint against Defendants FedEx Trade Networks Transport & Brokerage Inc., Norfolk Southern Corp. and Norfolk Southern Railway Company, alleges, upon knowledge as to its own acts and upon information and belief as to all other matters, as follows:

1. The following issues concern a contract for the carriage of goods by sea to a port of the United States of America, in foreign trade, or concern breach of a maritime contract and thereby come within the federal question jurisdiction of this Court pursuant to 28 U.S.C. § 1331 and/or the admiralty and maritime jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and are maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. In the alternative, the following issues concern a contract for the interstate carriage of goods by rail and thereby come within the federal question jurisdiction of this Court pursuant to 28 U.S.C. § 1331.

3. Defendants have consented to jurisdiction in the State of New York by virtue of their or their agent's agreement to a choice of forum clause that requires that "[a]ctions against the

Carrier may only be instituted in the United States District Court for the Southern District of New York."

4. Venue is proper in this District because Defendants are subject to personal jurisdiction in this District with respect to this action.

5. Venue is also proper in this District because the subject contract of carriage or other applicable contract contains a choice of forum clause that calls for the exclusive jurisdiction of this Court.

6. At and during all the times hereinafter mentioned, Plaintiff had and now has the legal status and office and place of business stated in Schedule A, which is appended hereto and hereby incorporated by reference and made a part hereof.

7. Plaintiff is an insurance company.

8. Plaintiff insured the shipment described in Schedule A.

9. Plaintiff is the duly subrogated insurer of the consignee(s), shipper(s) and/or owner(s) of the shipment described in Schedule A and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in said shipment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

10. At and during all the times hereinafter mentioned, Defendants had and now have the legal status and offices and places of business stated in Schedule A and were and now are engaged in business as a common carrier of goods by sea for hire or as a common carrier by rail for hire.

11. On or about the date and at the Place of Receipt and/or the Port of Loading stated in Schedule A, there was shipped by the shipper and delivered to Defendant FedEx Trade Networks

Transport & Brokerage Inc., as common carrier, the shipment described in Schedule A, then being in good order and condition, and Defendant FedEx Trade Networks Transport & Brokerage Inc. then and there accepted said shipment so shipped and delivered to Defendant FedEx Trade Networks Transport & Brokerage Inc., and, in consideration of certain agreed freight charges thereupon paid or agreed to be paid, Defendant FedEx Trade Networks Transport & Brokerage Inc. agreed to transport and carry said shipment to the Port of Discharge and the Place of Delivery stated in Schedule A, and deliver said shipment, in like good order and condition as when delivered to and received by Defendant FedEx Trade Networks Transport & Brokerage Inc., to the consignee(s) named in Schedule A.

12. The shipment described in Schedule A was in good order and condition when delivered to Defendant FedEx Trade Networks Transport & Brokerage Inc. and when loaded on board the vessel named in Schedule A.

13. Defendant FedEx Trade Networks Transport & Brokerage Inc. or its agent issued a bill of lading for the shipment described in Schedule A, some of the particulars of which are stated in Schedule A.

14. A contract of carriage or other contract existed between Defendant FedEx Trade Networks Transport & Brokerage Inc. and others in connection with the shipment described in Schedule A that the consignee(s), shipper(s) and/or owner(s) of the shipment described in Schedule A, and Plaintiff as their subrogee, are entitled to enforce.

15. A contract of carriage or other contract existed between Defendant Norfolk Southern Corp. and/or Defendant Norfolk Southern Railway Company and others in connection with the shipment described in Schedule A that the consignee(s), shipper(s) and/or owner(s) of the shipment described in Schedule A, and Plaintiff as their subrogee, are entitled to enforce.

16. All obligations under the contract of carriage or other applicable contract to be performed on the part of the consignee(s), shipper(s) and/or owner(s) of the shipment described in Schedule A were performed, waived or otherwise excused.

17. Defendant FedEx Trade Networks Transport & Brokerage Inc. subcontracted Defendant Norfolk Southern Corp. and/or Defendant Norfolk Southern Railway Company to transport and carry the shipment described in Schedule A by rail.

18. Among other obligations and duties, Defendants had an obligation and duty to deliver the shipment described in Schedule A in good order and condition to the Place of Delivery stated in Schedule A, as well as to all intermediate points.

19. The shipment described in Schedule A was not delivered in good order and condition to the Place of Delivery, in violation of Defendant FedEx Trade Networks Transport & Brokerage Inc.'s obligations and duties as a common carrier of goods by sea for hire and/or in breach of the contract of carriage or other applicable contract and/or in breach of Defendant FedEx Trade Networks Transport & Brokerage Inc.'s obligations and duties as a bailee for hire.

20. The shipment described in Schedule A was lost or damaged while in the care, custody or control of Defendant Norfolk Southern Corp. and/or Defendant Norfolk Southern Railway Company, in violation of their obligations and duties as a common carrier of goods by rail for hire and/or in breach of the contract of carriage or other applicable contract and/or in breach of their obligations and duties as a bailee for hire.

21. The consignee(s), shipper(s) and/or owner(s) of the shipment described in Schedule A suffered damages because the shipment described in Schedule A was not delivered in good order and condition.

22. Under the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 *et seq.* (note), and/or the Carmack Amendment, 49 U.S.C. § 11706, and/or the contract of carriage and/or other applicable contract and/or the general maritime law of the United States of America and/or otherwise, Defendants are liable for the loss of and damage to the shipment described in Schedule A.

23. The consignee(s), shipper(s) and/or owner(s) of the shipment described in Schedule A submitted a claim to Plaintiff for the loss of and damage to said shipment.

24. Plaintiff paid the claim submitted to it for the loss of and damage to the shipment described in Schedule A.

25. By virtue of its payment, Plaintiff is contractually and/or equitably subrogated to the rights and claims of the consignee(s), shipper(s) and/or owner(s) of the shipment described in Schedule A.

26. By reason of the premises, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid by Defendants although duly demanded, in the amount of at least $187,049.15.

**WHEREFORE**, Plaintiff Affiliated FM Insurance Company prays as follows:

A. For judgment in favor of Plaintiff and against Defendants FedEx Trade Networks Transport & Brokerage Inc., Norfolk Southern Corp. and Norfolk Southern Railway Company for the amount of Plaintiff's damages; and

B. For such other and further relief as the Court deems just and proper under the circumstances, together with the costs and disbursements of this action.

Dated: New York, New York
October 20, 2021

                                                  NICOLETTI HORNIG & SWEENEY
                                                  *Attorneys for Plaintiff*

                                          By:    <u>S/ Kevin J.B. O'Malley</u>
                                                           Samuel C. Coluzzi
                                                           Kevin J.B. O'Malley
                                                           Wall Street Plaza
                                                           88 Pine Street, Seventh Floor
                                                           New York, New York 10005
                                                           (212) 220-3830
                                                           scoluzzi@nicolettihornig.com
                                                           komalley@nicolettihornig.com

**SCHEDULE A**

**Plaintiff's Legal Status and Office and Place of Business:**

Plaintiff Affiliated FM Insurance Company was and is a business entity duly organized and existing under and by virtue of the laws of the State of Rhode Island with an office and place of business at 270 Central Avenue, PO Box 7500, Johnston, RI 02919.

**Defendants' Legal Status and Offices and Places of Business:**

Defendant FedEx Trade Networks Transport & Brokerage Inc. was and is a business entity duly organized and existing under and by virtue of the laws of the State of New York with an office and place of business at 1475 Lt. George W. Lee Avenue, Memphis, TN 38119.

Defendant Norfolk Southern Corp. was and is a business entity duly organized and existing under and by virtue of the laws of the Commonwealth of Virginia with an office and place of business at 650 W Peachtree St NW, Atlanta, GA 30308.

Defendant Norfolk Southern Railway Company was and is a business entity duly organized and existing under and by virtue of the laws of the Commonwealth of Virginia with an office and place of business at 650 W Peachtree St NW, Atlanta, GA 30308.

**Shipment:**

| | |
|---|---|
| Bill of Lading: | SGS000005045 |
| Container: | HLXU8200183 (transferred to BSIU914835 or BSIU9148357) |
| Description of Goods: | Medical Disposable Products |
| Date of Shipment: | on or about September 16, 2020 |
| Place of Receipt: | Singapore |
| Port of Loading: | Singapore, SG |
| Port of Discharge: | Savannah |
| Place of Delivery: | Mt Juliet |
| Vessel: | YM WELLHEAD |
| Carrier: | FedEx Trade Networks Transport & Brokerage Inc. |
| Consignee: | Haemonetics Corporation |
| Nature of Loss: | Physical loss or damage |
| Amount of Loss: | $187,049.15 |